IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00484-BNB

DWIGHT D. DAVIS,

    Applicant,

v.

MICHAEL ARRELLANO, Warden, AVCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL - 2 2008

GREGORY C. LANGHAM
                      CLERK

---

ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

Applicant Dwight D. Davis is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Davis initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in the El Paso County District Court in Case No. 92-CR-2904. In an order filed on April 18, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 20, 2008, Respondents filed their Pre-Answer Response. Mr. Davis filed a Reply to the Pre-Answer Response on June 9, 2008.

Before proceeding to a review of the merits of Respondents' affirmative defenses, the Court finds it necessary to address the substance of Respondents' Pre-Answer Response. Pursuant to Magistrate Judge Boland's April 18, 2008, Order, Respondents were directed to file a response limited to addressing the affirmative defenses of timeliness and exhaustion of state court remedies. Upon review of the Pre-Answer Response, the Court finds that Respondents have devoted over twenty pages of the Response to discussing the merits of Applicant's claims. Furthermore, the twenty pages simply were lifted from the answer brief that Respondents filed in the Colorado Court of Appeals in response to Applicant's opening brief in his appeal of his postconviction motion. Respondents also provided a copy of the answer brief as an exhibit in the Pre-Answer Response.

Even though Respondents assert that the twenty pages is included to provide factual background, the Court finds that the discussion of the merits of Applicant's claims is not necessary in the Pre-Answer Response especially when the information is attached as an exhibit. Furthermore, a discussion of the merits of Applicant's postconviction claims is inappropriate at this time.

As for addressing the merits of the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A), the Court must construe liberally the Application and Reply filed by Mr. Davis because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at

1110. For the reasons stated below, the Court will dismiss the action in part and order the action drawn in part.

On November 3, 1993, after a jury trial, Mr. Davis was found guilty of distribution of a schedule II controlled substance and possession of a schedule II controlled substance with a special offender penalty enhancer. (Pre-Answer Response (Answer), Ex. B at App. (El Paso County Court, Sept. 14, 2004, Order).) He was sentenced to a total of twenty-four years of incarceration on January 21, 1994. (Answer, Ex. B at App.) Mr. Davis did not file a direct appeal. In the Application, Mr. Davis states that he filed a postconviction motion on June 13, 2003, and that the motion was denied on September 14, 2004. (Application at 4.) He further states that he appealed, that the trial court denial was affirmed on May 10, 2007, and that his petition for a writ of certiorari to the Colorado Supreme Court was denied on August 20, 2007. (Application at 4.)

In the Application, Mr. Davis raises three claims. In Claim One, Applicant asserts ineffective assistance of trial counsel. (Application at 5.) In Claim Two, Applicant asserts that his due process rights were violated in his Rule 35(c) postconviction motion when the trial court denied his ineffective assistance of trial counsel claims. In Claim Three, Applicant asserts that his due process rights were violated when the state court of appeals improperly affirmed the trial court's denial of his ineffective assistance of counsel claims.

Respondents first argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

3

to the judgment of a State court. The limitation period shall
run from the latest of—

> (A) the date on which the judgment became
> final by the conclusion of direct review or the
> expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing
> an application created by State action in
> violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.

(2) The time during which a properly filed application for
State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this
subsection.

In support of their argument, Respondents assert that Applicant did not file a direct appeal and, therefore, his conviction became final forty-five days after he was sentenced on January 21, 1994. (Answer at 24.) Respondents also assert that because Applicant's conviction was final prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) the one-year time limitation ran from the April 24, 1996. (Application at 24.) Respondents contend that Mr. Davis had until April 24, 1997, to file a federal habeas application unless he had a State postconviction

4

motion or other collateral review pending in state court. (Answer at 23-24.) Respondents, therefore, conclude that because the one-year limitation under AEDPA expired on April 24, 1997, and Mr. Davis did not file his state postconviction motion until June 25, 1997, he is time-barred from pursuing his claims in this Court. (Application at 24.)

Respondents acknowledge that the time-bar under 28 U.S.C. § 2244(d) is not jurisdictional and is subject to equitable tolling, but they contend, however, that such tolling is limited to rare and exceptional circumstances, such as actual innocence, uncontrollable circumstances, or when an applicant has actively pursued his judicial remedies but filed a defective pleading during the statutory period. (Answer at 24-25.) Respondents argue that the record shows Applicant does not have a claim of actual innocence, and he does not allege any uncontrollable circumstances that prevented him from filing his *pro se* postconviction motion within the AEDPA limitations period. (Answer at 25.) Respondents conclude that Mr. Davis was very diligent in pursuing his state judicial remedies within the three-year statute of limitations period under Colo. Rev. Stat. § 16-5-402 but failed to use the same diligence in pursuing his federal habeas within the one-year time period set forth under § 2244(d). (Answer at 26.)

In his Reply, Mr. Davis asserts that as early as January 25, 1995, he filed a motion in Case No. 92-CR-2904 challenging the effectiveness of trial counsel. (Reply, Ex. A at 2.) He further asserts that after various attempts to obtain counsel so he may proceed with his postconviction motion, and having several different attorneys appointed only to have them withdraw, State District Judge Toth entered an order on October 6, 2000, finding Applicant's Color. R. Civ. P. 35(c) motion time-barred and

vacating all appointments of counsel. (Reply, Ex. A.) Applicant also asserts that on September 14, 2004, State Court District Judge Davis Shakes[1] entered an order finding that Applicant's Rule 35(c) was not time-barred because he had pursued his postconviction claims with diligence.

Respondents attached a copy of Judge Shake's September 14, 2004, ruling. (Answer, Ex. B at App.) In their Pre-Answer Response, however, they misstate Judge Shake's findings. Respondents assert in the Pre-Answer Response that Applicant diligently pursued his judicial remedies within the state's three-year statute of limitations. (Answer, Ex. B. at App.) Judge Shake found, to the contrary, that Mr. Davis's Rule 35(c) postconviction motion was untimely under Colo. Rev. Stat. § 16-5-402 but did not deny the motion as time-barred because

> Defendant was diligent in his efforts to seek post-conviction relief and that the delay in resolving this matter was the result of delays not attributable to his lack of diligence. The failures and delays of counsel will not be attributed to Defendant when the record contains abundant evidence of Defendant's efforts to push this matter to resolution. The Court concludes that Defendant's request for post-conviction relief is not time-barred and will therefore be considered on the merits.

(Answer, Ex. B. at App.)

Given the correspondence Mr. Davis has attached to his Reply, the finding by the trial court of failures and delays of counsel not attributed to Applicant's lack of diligence, and the short period of time from April 24, 1997, until June 25, 1997, that the postconviction was filed outside the one-year limitation period under § 2244(d), this

---

[1] Judge Shake succeeded Judge Toth after Judge Toth retired. (Answer, Ex. A (Applicant's Opening Appeal Brief) at 11.)

Court finds that Applicant has pursued his claims with due diligence, and he is entitled to equitable tolling.

Respondents also argue that Mr. Davis has failed to exhaust "subpart (c)" of Claim One and all of Claims Two and Three. Respondents identify subpart (c) as stating that trial counsel failed to preserve post-trial remedies. (Answer at 30.) Respondents further state that Applicant did not support his post-trial remedies claim with any argument or citation in his opening brief on appeal and briefly noted the claim in the last paragraph of the brief. (Answer at 31.) Respondents also assert that Applicant failed to raise the claim in the Colorado Supreme Court. (Answer at 31.)

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas

7

corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." ***Anderson v. Harless***, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See **Duncan v. Henry***, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See **Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

Upon review of the Application, the Court, contrary to Respondents' findings, finds that Applicant does not list by letter three separate subparts under Claim One. Mr. Davis identifies fifteen acts committed by trial counsel that he alleges contributed to his counsel being ineffective and violated his Sixth Amendment rights. The fifteen acts are listed by number. Each of the fifteen acts are discussed in Applicant's opening brief on appeal in his postconviction motion. (Answer, Ex. A.)

With respect to the post-trial remedies claim, Applicant does not, as Respondents suggest, briefly refer to the claim in the last paragraph of his opening brief on appeal. He asserts the claim on pages ten through eleven and twenty of the opening brief and on page three of his petition for writ of certiorari. Whether the post-trial remedies claim as presented in the instant Application has merit is a question left for further briefing by Respondents at a later time. The Court, therefore, finds that

Applicant has exhausted his ineffective assistance of counsel claim as presented to this Court.

As for Claims Two and Three, there is no federal constitutional right to postconviction review in state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Therefore, Claims Two and Three are inappropriately raised in the instant action and will be dismissed. Accordingly, it is

ORDERED that Claims Two and Three are dismissed from the action. It is

FURTHER ORDERED that Claim One shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this ___ day of _____July_____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00484-BNB

Dwight D. Davis
Prisoner No. 44749
Arkansas Valley Corr. Facility
PO Box 1000 - Unit 6A
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/2/08

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk