IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00484-CMA-KLM

DWIGHT D. DAVIS,

    Applicant,

v.

MICHAEL ARRELLANO, Warden, AVCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Applicant's **Request for Transcripts** [Docket No. 27; Filed October 21, 2008] (the "Motion for Transcripts"); Applicant's **Request for Leave to Conduct Discovery and Motion to Appoint Counsel to Assist in Conducting Discovery** [Docket No. 28; Filed October 22, 2008] (the "Motion for Counsel") and Applicant's **Motion for Extension or Enlargement of Time** [Docket No. 30; Filed October 21, 2008] (the "Motion for Extension").

Applicant first requests that the Court order the Respondents to provide him "a full transcript record of his trial and suppression hearing, as well as full transcripts of the pre-trial motion hearing held October 29, 1993, and the continuance hearing held November 1, 1993, . . . and the transcripts from the 35(c) proceedings (specifically the evidentiary hearings held on July 20, 27, 2004)" pursuant to Rule 5(c) of the Rules Governing Section 2254 Cases. *Motion for Transcripts* [#27] at 1. Rule 5(c) provides:

> The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

Respondents' Answer [Docket No. 24; Filed September 17, 2008] states that the original records of Appellant's criminal case are in the custody of the El Paso County District Court and can be obtained upon order directly to the Clerk of that Court. While the answer makes reference to the transcripts from Applicant's trial and suppression hearing, the transcripts are not attached to the Answer. Applicant states that he requires the transcripts in order "to help establish burden of proof requirements as they pertain to challenges of the sufficiency of evidence relied upon by the state courts in factual issues." *Motion for Transcripts* [# 27] at 1. In order to be entitled to transcripts pursuant to § 2254 and Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, Applicant must state a legitimate and particularized need for the transcripts of his state court proceedings. *See U.S. v. Self*, 876 F.Supp. 244, 248 (D. Colo. 1995) (citing *Jones v. Superintendent*, 460 F.2d 150, 153 (4th Cir. 1972) (holding no right to transcript if a legitimate need is not shown)). The Court finds that Applicant has not shown his need to be "legitimate and particularized," as he has provided nothing more than generic and broad statements regarding his need for the transcripts. *Id.* Accordingly, at this point in the proceedings, Applicant is not entitled to receive the transcripts.

IT IS HEREBY **ORDERED** Applicant's **Request for Transcripts** [Docket No. 27; Filed October 21, 2008] is **DENIED**.

Second, Applicant requests that he be allowed to conduct discovery, and that

counsel be appointed by the Court to assist him pursuant to Rule 6 of the Rules Governing Section 2254 Cases. *Motion for Counsel* [#28] at 1. Rule 6(a) provides that the Court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . . If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Applicant states that he is "having a difficult time acquiring assistance that will help determine the proper procedures associated with obtaining what Discovery is necessary in preparing applicant's Traverse (reply)." *Motion for Counsel* [#28] at 1. The Court does not find that Applicant has provided good cause to conduct discovery, as every prisoner who proceeds *pro se* experiences the same difficulties as Applicant. Applicant chose to file his case with this Court, and like any other *pro se* party, must do the best he is able. Because the Court does not find that Applicant is entitled to conduct discovery pursuant to Rule 6, the Court will not address whether Applicant qualifies to have counsel appointed pursuant to 18 U.S.C. § 3006A.

Accordingly, IT IS HEREBY **ORDERED** that Applicant's **Request for Leave to Conduct Discovery and Motion to Appoint Counsel to Assist in Conducting Discovery** [Docket No. 28; Filed October 22, 2008] is **DENIED**.

IT IS FURTHER **ORDERED** that Applicant's **Motion for Extension or Enlargement of Time** [Docket No. 30; Filed October 21, 2008] is **GRANTED**. Applicant shall file his Traverse to Respondents' Answer to the Petition for Writ of Habeas Corpus [Docket NO. 24; Filed September 19, 2008] on or before **December 31, 2008**.

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated:  November 24, 2008