IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00484-CMA-KLM

DWIGHT D. DAVIS,

    Applicant,

v.

MICHAEL ARRELLANO, Warden, AVCF, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Applicant's **Motion to Compel** [Docket No. 56; Filed July 27, 2009] (the "Motion"). Respondents iled a response [Docket No. 58] and Applicant filed a Reply [Docket No. 59].

As an initial matter, Respondents contend, and Applicant does not contest, that Applicant has failed to comply with D.C.COLO.LCivR. 7.1A which states "[t]he court will not consider any motion... unless counsel for the moving party or a *pro se* party, before filing the motion, has conferred or made reasonable good-faith efforts to confer with opposing counsel or a *pro se* party to resolve the disputed matter...." A *pro se* party is not excused from his obligations to follow the same rules of procedure that govern other litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Nevertheless, in the interest of judicial economy, and given the fact that Applicant is incarcerated, the Court will address the merits of the Motion.

IT IS HEREBY **ORDERED** that the Motion is **GRANTED IN PART and DENIED IN**

**PART**. On July 7, 2009, the Court ordered Respondents to provide Applicant with paper copies of the transcripts of the state court record [Docket No. 53]. Applicant concedes that Respondents sent him the transcripts, but alleges that the Respondents provided him with an incomplete transcript for a November 1, 1993 hearing and no transcript for a July 27, 2004 hearing. Respondents state that they have provided the only existing transcript for the November 1, 1993 hearing. The Court has reviewed the state court record from the El Paso County District Court. The November 1, 1993 transcript provided to Applicant is the complete record for that hearing. The evidence submitted by Applicant does not support his claim that the transcript is incomplete. Accordingly, the Motion is **DENIED** as to the November 1, 1993 transcript.

The July 27, 2004 transcript requested by Applicant concerns his post-conviction motion for relief based on ineffective assistance of counsel. Respondents concede that the El Paso County District Court has been unable to locate the transcript for that hearing. However, Respondents have ordered a transcript of that hearing and represent that as soon as they receive it, a paper copy will be sent to Applicant. Accordingly,

IT IS FURTHER **ORDERED** that the Motion is **GRANTED** regarding the July 27, 2004 transcript. Respondents shall mail a copy of that transcript to Applicant on or before **September 11, 2009**.

IT IS FURTHER **ORDERED** that Applicant shall file a traverse, if any, on or before **October 9, 2009**, even if Respondents have not provided the transcript. This case has been ripe for resolution for some time. Applicant has been granted a number of extensions of time to file a traverse. Moreover, the Court "is not required to examine transcripts before disposing of a claim where a habeas petitioner's arguments are 'readily susceptible

to resolution without resort to the transcript.'" *Flum v. McKee*, No. Civ. 04-CV-72671-DT, 2005 WL 2319006, at *11 (E.D. Mich. Sept. 2, 2005) (unpublished decision) (quoting *Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991)).  A state court record, albeit an incomplete one, is adequate if it provides "the district court with sufficient information to determine" the issue.  *Cole v. New Mexico*, 58 Fed. Appx. 825, 828 (10th Cir. Feb. 6, 2003) (unpublished decision).  The Court has reviewed the entire state court record and concludes that the transcript of the July 27, 2004 hearing is not absolutely necessary to a fair resolution of the Application.  Therefore, no further extensions of time will be granted.

                                        BY THE COURT:

                                        __s/ Kristen L. Mix_____
                                        United States Magistrate Judge

Dated:  August 24, 2009